UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD J WIND,

    Plaintiff,

v.

CASE NO. 5:23-cv-300

NISSAN MOTOR ACCEPTANCE
COMPANY, LLC d/b/a NISSAN
MOTOR ACCEPTANCE CORP,
A foreign company,

    Defendants.

_____/

**DEFENDANT NISSAN MOTOR ACCEPTANCE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, NISSAN MOTOR ACCEPTANCE COMPANY, LLC ("NMAC"), by and through the undersigned counsel, hereby responds to Plaintiff, RICHARD WIND's ("Plaintiff") Complaint [DE 1], and states as follows:

**JURISDICTION AND VENUE**

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

**RESPONSE**: NMAC admits only that Plaintiff has alleged jurisdiction under 15 U.S.C. § 1331. Otherwise, this is a legal conclusion that is not subject to admission or denial. To the extent a response to Paragraph 1 is required, denied.

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

**RESPONSE:** NMAC admits that Plaintiff has alleged venue in this District. Otherwise, this allegation is a legal conclusion that is not subject to admission or denial. To the extent that further response is required, NMAC is without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Lake County, Florida.

**RESPONSE:** NMAC is without knowledge as to the allegations of Paragraph 3 and therefore denies the same.

4. Defendant is a foreign corporation and was at all relevant times herein was doing business in the State of Florida.

**RESPONSE:** NMAC admits that it does business in the State of Florida, otherwise denied.

## FACTUAL ALLEGATIONS

5. In June 2019, Defendant leased a new 2019 Nissan Rogue AWD ("Vehicle") to Plaintiff from its authorized dealership NISSAN 112 SALES CORP.

**RESPONSE:** Denied.

6. The Vehicle was leased under a Motor Vehicle Lease Agreement With Arbitration Clause – New York ("Lease"). A copy of the lease is attached as Exhibit A.

**RESPONSE:** NMAC admits a motor vehicle lease agreement was executed in connection with the Vehicle and Exhibit A is an incomplete copy of the lease agreement, otherwise denied.

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term: "You have an option to purchase the Vehicle at the end of the lease term AS IS, WHERE IS, from us or a party we designate, for $16,562.00, and a Purchase Option Fee of $300. Id. ¶ 6.

**RESPONSE:** NMAC did not originate the lease and therefore Paragraph 7 is denied. NMAC further states that the quoted language is an incomplete recitation of the language in the Lease, a document which speaks for itself.

8. The total buyout option price was $16,862.00.

**RESPONSE:** NMAC denies the allegations of Paragraph 8 to the extent it differs from the language of the Lease, a document which speaks for itself.

9. Aside from $300 purchase option fee, the Lease did not disclose any other fees or costs to be added to the purchase price for Plaintiff to exercise the purchase option at the end of the Lease.

**RESPONSE:** Denied.

10. Plaintiff reasonably relied on these terms, including the purchase option price, when agreeing to the Lease.

**RESPONSE:** NMAC is without knowledge as to the allegations of Paragraph 10 and therefore denies the same.

11. At the end of the lease term, Plaintiff contacted Defendant and asked about the process to buy the Vehicle.

**RESPONSE:** NMAC is unable to properly admit or deny Paragraph 11 because it is vague and lacks necessary context from which to formulate a response. To the extent NMAC is able to determine what is being alleged and formulate a response, NMAC admits a call occurred on June 14, 2022 regarding the Vehicle.

12. Defendant did not allow Plaintiff to buy the Vehicle from it directly.

**RESPONSE:** NMAC is unable to properly admit or deny Paragraph 12 because it is vague and lacks necessary context from which to formulate a response. To the extent NMAC is able to determine what is being alleged and formulate a response, NMAC denies Paragraph 12 based upon the use of the word "allow," but admits Paragraph 12 to the extent that Plaintiff was not able to buy the Vehicle from NMAC directly in Florida. Except as expressly admitted, NMAC denies Paragraph 12.

13. Instead, Defendant directed Plaintiff to buy the Vehicle through its authorized dealership Reed Nissan Clermont in Lake County, Florida.

**RESPONSE:** Denied.

14. In June of 2022, Plaintiff visited Defendant to exercise the purchase option at the end of the lease term.

**RESPONSE:** NMAC is without knowledge as to the allegations of Paragraph 14 and therefore denies the same.

15. However, to Plaintiff's surprise, Defendant charged Plaintiff $16,937.00 to buy the Vehicle and charged Plaintiff a $799.00 "Predelivery Service Charge" and $159.00 "Electronic Registration Filing Fee."

**RESPONSE:** Denied.

16. The $75.00 overcharge above and beyond the Purchase Option Price in the Lease, $799.00 "Predelivery Service Charge" and $159.00 "Electronic Registration Filing Fee" are not official fees.

**RESPONSE:** NMAC denies Paragraph 16 as NMAC does not charge for the two identified items which were not authorized or approved by NMAC. NMAC is otherwise without knowledge as to Paragraph 16, including to what the fee and charge specifically relate, and therefore denies the same.

17. In the Lease, Defendant never disclosed that the purchase option price would be $16,937.00 and that payment of the $799 "Predelivery Service Charge" and $159 "Electronic Registration Filing Fee" fees would be required to exercise the purchase option.

**RESPONSE:** NMAC denies Paragraph 17 insofar as it did not originate the Lease but was instead assigned the Lease after any disclosures had already been made. NMAC admits Paragraph 17 insofar as a $16,937.00 purchase option price and a $799 Predelivery Service Charge and $159 Electronic Registration Filing Fee are not expressly identified in the Lease as being required to exercise the purchase

5

option. However, since NMAC did not authorize or approve the fee and charge, NMAC is without knowledge as to Paragraph 17 and whether the fee and charge may be of the type disclosed in the Lease.

18. Defendant's failure to honor the purchase price in the Lease was the cause of Plaintiff's harm, as Plaintiff was left with no choice but to pay the additional fees that are contrary to the amount stated as the purchase price in the Lease.

**RESPONSE:** Denied.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

19. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

**RESPONSE:** This allegation is a legal conclusion that is not subject to admission or denial. To the extent further response is required, NMAC is without knowledge as to the allegations of Paragraph 19 and therefore denies the same.

20. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

**RESPONSE:** NMAC is without knowledge as to the allegations of Paragraph 20 and therefore denies the same.

21. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

**RESPONSE:** This allegation is a legal conclusion that is not subject to admission or denial and lacks necessary context from which to formulate a response. To the

6

extent a response can be had, NMAC is without knowledge as to the allegations of Paragraph 21 and therefore denies the same.

22. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

**RESPONSE:** This allegation seeks a legal conclusion that is not subject to admission or denial. To the extent a response is required, NMAC is unable to properly admit or deny Paragraph 22 because it lacks necessary context from which to formulate a response and is ambiguous as worded.

23. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

**RESPONSE:** NMAC is unable to properly admit or deny Paragraph 23 because it lacks necessary context from which to formulate a response and is ambiguous as worded, as the terms "substantial involvement" and "lease transaction" are not defined, nor is it clear which of the above allegations are being referenced, several of which have been denied. To the extent a response can be had, denied.

24. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

**RESPONSE:** NMAC is unable to properly admit or deny Paragraph 24 because it lacks necessary context from which to formulate a response, including whether this relates to a specific transaction or is a general proposition, and to what "resale of

the vehicle" relates. To the extent a response can be had, NMAC is without knowledge as to the allegations of Paragraph 24 and therefore denies the same.

25. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

**RESPONSE:** This allegation is a legal conclusion that is not subject to admission or denial. To the extent further response is required, NMAC is without knowledge as to the allegations of Paragraph 26 and therefore denies the same.

26. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

**RESPONSE:** This allegation is a legal conclusion that is not subject to admission or denial and lacks necessary context for a response to be had. Notwithstanding, to the extent a response is required, NMAC admits that Regulation M contains general disclosure requirements but denies that Paragraph 26 is an accurate and/or complete recitation of those requirements.

27. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $16,937.00 was required to buy the Vehicle, nor that payment of the $799.00 "Predelivery Service Charge" and the $159.00 "Electronic Registration Filing Fee" were required to exercise the purchase option at the end of the lease.

**RESPONSE:** Denied.

28. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $16,937.00

was required to buy the Vehicle, nor that payment of the $799.00 "Predelivery Service Charge" and $159.00 "Electronic Registration Filing Fee" were required to exercise the purchase option at the end of the lease.

**RESPONSE:** Denied.

29.   Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

**RESPONSE:** Denied.

30.   These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

**RESPONSE:** NMAC denies that it made any omissions, and is otherwise without knowledge as to the allegations of Paragraph 30 and therefore denies the same.

31.   Plaintiff suffered financial loss in that Plaintiff paid more than what the Lease required to buy the Vehicle.

**RESPONSE:** NMAC is without knowledge as to the allegations of Paragraph 31 and therefore denies the same.

32.   Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or elected declined to lease the Vehicle.

**RESPONSE:** NMAC denies that it failed to provide any information in the Lease, and is otherwise without knowledge as to the allegations of Paragraph 32 and therefore denies the same.

33. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

**RESPONSE:** Denied.

34. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

**RESPONSE:** Denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff for relief and judgment against Defendant as follows:

A. Actual Damages of $1,033.00, representing Plaintiff's financial loss;

B. Statutory Damages of $2,000.00;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

F. Such other and further relief as is just and proper.

**RESPONSE:** NMAC is not required to respond to the Wherefore clause. Notwithstanding, to the extent response is required, NMAC admits only that Plaintiff is requesting the relief sought herein, but denies any entitlement to same. This includes a specific denial by NMAC that Plaintiff can obtain the injunctive relief being requested.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**RESPONSE:** NMAC denies that Plaintiff is entitled to a jury trial.

### NMAC'S RESPONSE TO ANY REMAINING FACTUAL ALLEGATIONS

Any remaining factual allegations contained in the Complaint that are not specifically admitted or otherwise answered above are denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense: No Inadequate Disclosures

Plaintiff's claim is predicated upon the Lease failing to accurately disclose the purchase option price by failing to disclose a $799 predelivery service charge and a $159 electronic registration filing fee. However, NMAC could not disclose fees and charges that it did not authorize to be charged nor did NMAC know that they would be charged, and such fees and costs were not required to exercise the purchase option. Since NMAC did not authorize the fee and charge it does not know exactly what they entail (i.e. official fees and taxes, etc.), but to the extent they were not disclosed in the Lease they were not necessary to exercise the purchase option, and any dealership that made them necessary to exercise that option did so without NMAC's approval or authority.

### Second Affirmative Defense: Failure to State a Cause of Action

Plaintiff has failed to state a cause of action for relief against NMAC.

### Third Affirmative Defense: No Causation

Plaintiff has failed to state a claim for damages because any alleged action by NMAC was not the cause of any injury or damages that Plaintiff allegedly

sustained. Any injuries and damages alleged by Plaintiff are instead the cause of other actions or causes outside the conduct of NMAC alleged by Plaintiff. Plaintiff's recovery is therefore barred, in whole or in part, to the extent any such injuries or damages were not cause by the conduct allegedly committed by NMAC as set forth in the Complaint. Specifically, to the extent Plaintiff has experienced any injury, it is the result of Reed Nissan Clermont charging the allegedly undisclosed fees and charges. NMAC does not authorize dealerships to include such fees and charges when a consumer exercises his or her purchase option (as addressed in the Third Party Complaint). Further, the Lease accurately disclosed all amounts necessary to exercise the purchase option so any injury was not the result of deficient disclosures or any conduct by NMAC.

### Fourth Affirmative Defense: Failure to Mitigate

To the extent that Plaintiff has suffered any damages as a result of the conduct alleged in the Complaint, which NMAC denies, Plaintiff has failed to mitigate those damages, barring Plaintiff's claims in whole or in part.

### Fifth Affirmative Defense: Waiver

Plaintiff's claims against NMAC are barred by Plaintiff's conduct that amount to a waiver of any right or rights that Plaintiff may or might have in relation to the causes of action alleged in the Complaint as against NMAC.

### Sixth Affirmative Defense: Unclean Hands

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, acquiescence, and other doctrines of equitable relief.

### **Seventh Affirmative Defense: No Standing**

NMAC asserts that Plaintiff lacks standing under Article III of the Constitution of the United States to assert the causes of action in the Complaint. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).

### **Eighth Affirmative Defense: Arbitration**

NMAC contends that Plaintiff's claims against NMAC are subject to arbitration pursuant to the applicable retail installment sales contract. As such, NMAC reserves the right to elect to arbitrate these claims as provided for therein.

NMAC reserves the right to assert any additional defenses that it may discover during the course of litigation.

McGLINCHEY STAFFORD

*/s/ Joseph A. Apatov*
Joseph A. Apatov, Esq.
Florida Bar No. 93546
Alyssa Weiss, Esq.
Florida Bar No. 1032088
MCGLINCHEY STAFFORD
101 NE 3rd Ave., Ste. 1810
Telephone: (954) 356-2516
Fax: (954) 252-3808
Primary E-Mail: japatov@mcglinchey.com
aweiss@mcglinchey.com
Secondary E-Mail: rwalters@mcglinchey.com
***Counsel for Defendant NISSAN***

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished, electronically, through the CM/ECF system, which will send notification of such filing to all parties of record, on this _3_ day of July, 2023.

/s/ *Joseph A. Apatov*
Joseph A. Apatov