UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD J. WIND,

    Plaintiffs,

v.   Case No. 5:23-CV-300

NISSAN MOTOR ACCEPTANCE
COMPANY LLC, D/B/A NISSAN
MOTOR ACCEPTANCE CORP.,

    Defendants.

_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 7/11/2013. . Joshua Feygin, counsel for Plaintiff, and Joseph Apatov, counsel for NMAC*, attended the conference.

---

   \* NMAC engaged in this case management conference and is filing this case management report to comply with the Court's order and deadline. By filing this report, NMAC does not intend to seek relief from this Court and seeks to maintain its ability to compel arbitration if doing so is viable. Therefore, NMAC respectfully requests that this Court take no action on this report until twenty days after it is filed, thereby permitting NMAC time to determine the viability of compelling arbitration and prepare a motion to compel, if appropriate, prior to this matter advancing.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 8/15/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 9/15/2023 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).   Plaintiff | 1/8/2024 |
| Defendant | 2/8/2024 |
| Rebuttal | 3/8/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 6/13/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 7/15/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Mediator: To be determined by parties. | 7/29/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 11/15/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 11/22/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 11/29/2024 |
| Month and year of the trial term. | 12/1/2024 |

The trial will last approximately 1-3 days and be

2

☒ jury.†

☐ non-jury.

3. **Description of the Action**

This is an action for damages brought by Plaintiff for alleged violations of the Federal Consumer Leasing Act, 15 U.S.C. § 1667d(c) (the "CLA"), predicated upon certain fees allegedly incurred by Plaintiff while exercising his purchase option at the end of his lease term.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

---

† In checking this box, NMAC is exclusively acknowledging that Plaintiff has demanded a jury trial. Upon preliminary review, it appears this matter may be subject to a binding arbitration clause. NMAC in no way intends to waive its right to compel arbitration and is currently exploring whether doing so is viable.

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**[‡]

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

Defendant believes discovery may be needed on the following topics:
1. Whether Plaintiff has stated any claims upon which relief may be granted;
2. Whether Plaintiff has established a claim against NMAC for violation of the CLA;
3. Whether Plaintiff suffered any damage as a result of any actions or inactions of NMAC;
4. Whether Plaintiff is entitled to actual damages pursuant to the CLA;
5. Whether Plaintiff is entitled to statutory damages pursuant to the CLA; and
6. Any affirmative defenses raised by Defendant.

Plaintiff believes discovery may be needed on the following topics:

---

[‡] NMAC submits to this discovery plan only to the extent arbitration is not compelled, otherwise NMAC contends such discovery plan may not be appropriate and should be handled by the arbitrator. As such, NMAC requests no action be taken on this discovery plan as per the above footnote. NMAC further posits that adjustment to this discovery plan may be warranted if a third party is added to this action and arbitration is not compelled.

1. Defendant's policies, practices and procedures related to disclosure of lease buyout terms;
2. Defendant's policies, practices and procedures pertaining to compliance with the Consumer Leasing Act; and,
3. Defendant's affirmative defenses and denials of the allegations in the complaint.

The parties will act in good faith to try resolve any disagreements regarding the scope of discovery.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☐ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☒ NMAC unilaterally requests special handling. Specifically, NMAC asks that this Court take no action on this case management report until 20 days after it is

6

filed, thereby permitting NMAC time to determine whether it is appropriate to move to compel arbitration..

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/Joshua E. Feygin*
Joshua Feygin, Esq.
Counsel for Plaintiff, Richard J. Wind

*/s/Joseph Andrew Apatov*
Joseph Andrew Apatov, Esq.
Counsel for Defendant
7/12/2023

*/s/ Darren Newhart*
Darren Newhart, Esq.
Co-counsel for Plaintiff, Richard J. Wind
7/12/2023

Add name of party or counsel
If counsel, add name of client

Add name of party or counsel
If counsel, add name of client
Add date of signature

Add name of party or counsel
If counsel, add name of client
Add date of signature

7